IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **MATTHEW CALCAGNO,** | ) |
| | ) Case No. 8:26-cv-00214 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **HANCOCK WHITNEY BANK,** | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the plaintiff, MATTHEW CALCAGNO, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, HANCOCK WHITNEY BANK, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for all damages allowable under the Electronic Funds Transfer Act (hereinafter, "EFTA"), 15 U.S.C. §1693, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the EFTA, 15 U.S.C. §1693m.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. MATTHEW CALCAGNO, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Odessa, County of Hillsborough, State of Florida.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

6. At all relevant times, Plaintiff had an asset account in his name with Defendant (hereinafter, "Plaintiff's HANCOCK Account").

7. At all relevant times, Plaintiff's HANCOCK Account was established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

8. At all relevant times, Plaintiff's HANCOCK Account was an "account" as that term is defined by 15 U.S.C. §1693a(2).

9. HANCOCK WHITNEY BANK, (hereinafter, "Defendant") is a business entity that conducts business within the State of Florida. Defendant is incorporated in the State of Florida.

10. At all relevant times, Defendant was a bank that held Plaintiff's HANCOCK Account.

11. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12. At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

### IV. ALLEGATIONS

13. In December 2024, Plaintiff opened a HANCOCK Checking Account with a $1,500 deposit made electronically from Plaintiff's bank account he owned at JP Morgan Chase Bank.

14. On or about January 6, 2025, Plaintiff electronically transferred $1,000.00 to Plaintiff's HANCOCK Checking Account from an account he owned with Huntington Bank.

15. On or about January 7, 2025, another $1,000.00 was transferred from Plaintiff's Huntington Bank account to Plaintiff's HANCOCK Checking Account.

16. On or about January 14, 2025, another $1,000.00 was transferred from Plaintiff's Huntington Bank account to Plaintiff's HANCOCK Checking Account.

17. On or about January 14, 2025, another $500.00 was transferred from Plaintiff's Huntington Bank account to Plaintiff's HANCOCK Checking Account.

18. In total, Plaintiff transferred $3,500.00 from Plaintiff's Huntington Bank account into Plaintiff's HANCOCK Checking Account.

19. Sometime after January 14, 2025, Plaintiff went to pay bills with his HANCOCK Checking Account and found out he was locked out of the account and unable to use the funds he had transferred into said account.

20. Upon inquiry to Defendant as to the reasoning behind Defendant's blocking Plaintiff's use of his funds, Defendant advised Plaintiff that it would need Plaintiff to produce bank statements of the bank accounts from which he transferred in the funds.

21. On February 12, 2025, Plaintiff advised Defendant that he would not share his private banking information from other financial institutions and instead requested that Defendant transfer his funds back to the financial institutions from where they came.

22. While Defendant successfully transferred the initial $1,500.00 to Chase, representing the initial $1,500.00 deposit Plaintiff made from his Chase account into Plaintiff's HANCOCK Checking Account, Defendant failed to properly transfer and return the remaining $3,500.00 that came from Plaintiff's Huntington Bank account.

23. Defendant did not transfer the $3,500.00 to Plaintiff's Huntington account in accordance with Plaintiff's transfer instructions in violation of 15 U.S.C. §1693h(a)(1).

24. On or about February 12, 2025, Plaintiff provided Defendant notice of the transfer error as it pertained to Plaintiff's HANCOCK Checking Account.

25. On February 12, 2025, Plaintiff provided Defendant with information to allow Defendant to identify Plaintiff's HANCOCK Checking Account, such as:

    a. Plaintiff's HANCOCK Checking Account number;

    b. Plaintiff's personal identifying information;

    c. The name under which Plaintiff's HANCOCK Checking Account was registered;

    d. The date of the transactions which Plaintiff complains of relative to Plaintiff's HANCOCK Checking Account;

    e. The amount of the transactions which Plaintiff complains if relative to Plaintiff's HANCOCK Checking Account; and,

26. On February 12, 2025, Plaintiff provided Defendant with notice that an error was contained on Plaintiff's HANCOCK Checking Account.

27. While Defendant has maintained that it performed the aforesaid transfer, and provided tracking numbers, Plaintiff has confirmed with Huntington Bank and has advised Defendant that no such funds have been received by Plaintiff.

28. To date, Defendant failed to conduct any investigation relative to the error complained of by Plaintiff within ten (10) days of the receipt of Plaintiff's dispute in violation of 15 U.S.C. §1693f(a).

29. On June 23, 2025, Defendant provided a response to Plaintiff's dispute stating that they gave Plaintiff all the information they could, and they would not be providing him any other response.

30. Prior to June 23, 2025, Defendant did not return the money to Plaintiff's Huntington Account within 10 days of the receipt of Plaintiff's dispute in violation of 15 U.S.C. §1693f(c) leaving Plaintiff without the use of his funds while Defendant investigated the error.

31. In Defendant's response to Plaintiff's dispute over the unauthorized transfers from his account, Defendant failed to advise Plaintiff that he may request reproduction of all of the documents which the Defendant utilized in coming to its conclusion that an error did not occur, leaving Plaintiff without the knowledge and information and the ability to get the information that explained why the transactions Plaintiff claimed were erroneous, were not in error, in violation of 15 U.S.C. §1693f(d)

32. Defendant's investigation was not made in good faith and Defendant did not have a reasonable basis for denying the return of Plaintiff's funds in violation of 15 U.S.C. §1693f(e)(1).

33. Defendant knowingly and willfully concluded that Plaintiff's account was not in error when such a conclusion could not have been reasonably drawn from the evidence available to Defendant at the time of its investigation in violation of 15 U.S.C. §1693f(e)(2).

34. Presently, Plaintiff remains without the $3,500.00 that should have been transferred to Plaintiff's Huntington Bank account.

35. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress and out-of-pocket damages.

WHEREFORE, Plaintiff, MATTHEW CALCAGNO, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A);

    c. Treble damages allowable under 15 U.S.C. §1693f(e);

    d. All damages allowable under 15 U.S.C. §1693h(a);

    e. Plaintiff's attorneys' fees and costs; and,

    f. Any other relief deemed appropriate by this Honorable Court.

### V. JURY DEMAND

36. Plaintiff hereby demands a trial by jury on all issues so triable.

                                        Respectfully submitted,
                                        **MATTHEW CALCAGNO**

                            By:   <u>s/ David M. Marco</u>
                                       Attorney for Plaintiff

<u>Dated: January 26, 2026</u>

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
7204 Kyle Ct.
Sarasota, FL 34240
**Telephone:**  (312) 546-6539
**Facsimile**:   (888) 418-1277
**E-Mail**:      dmarco@smithmarco.com

Case 8:26-cv-00214   Document 1   Filed 01/26/26   Page 7 of 7 PageID 7